UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TOM NORRING, Trustee of the Tom Norring
Family Trust,

               Plaintiff,

-vs-                                         Case No. 6:09-cv-2081-Orl-19GJK

PRIVATE ESCAPES, LLC, PRIVATE
ESCAPES PLATINUM, LLC, and ULTIMATE
ESCAPES HOLDINGS, LLC,

               Defendants.
_____

# ORDER

This case comes before the Court on the following:

1. Motion to Dismiss the Complaint by Defendant Ultimate Escapes Holdings, LLC (Doc. No. 14, filed Feb. 8, 2010);

2. Motion to Dismiss the Complaint by Defendants Private Escapes, LLC and Private Escapes Platinum, LLC (Doc. No. 15, filed Feb. 8, 2010);

3. Response to Defendant Ultimate Escapes Holdings, LLC's Motion to Dismiss by Plaintiff Tom Norring (Doc. No. 22, filed Mar. 1, 2010); and

4. Response to Defendants Private Escapes, LLC and Private Escapes Platinum, LLC's Motion to Dismiss by Plaintiff Tom Norring (Doc. No. 23, filed Mar. 1, 2010).

**Background**

**I. Plaintiff's Allegations**[1]

This case concerns a series of disputed vacation club membership agreements. On or about May 1, 2006, Plaintiff Tom Norring ("Norring"), as trustee of the Norring Family Trust ("Trust"), allegedly entered into a written membership agreement ("Original Membership Agreement") with Defendant Private Escapes, LLC ("Private Escapes") and paid a $105,000 deposit ("Original Deposit") for a membership in the Private Escapes Membership Club. (Doc. No. 1 ¶ 10, filed Dec. 9, 2009; Doc. No. 1-2.) Norring asserts that on or about October 22, 2007, he upgraded from the Private Escapes Membership Club to the Private Escapes Platinum Club by entering into a Platinum Membership Agreement with Defendant Private Escapes Platinum, LLC ("Private Escapes Platinum") and paying an additional $95,000 deposit ("Platinum Deposit"). (Doc. No. 1 ¶ 11; Doc. No. 1-3.) Norring maintains that the terms of the Platinum Membership Agreement were expressly conditioned upon a merger between Private Escapes and Ultimate Resorts Destination Clubs ("Merger"), which was to take place within a "few months" after the execution of the Platinum Membership Agreement. (Doc. No. 1 ¶ 12.)

Richard Keith, the CEO of Private Escapes, and others agents of Private Escapes allegedly made false misrepresentations to Norring that the Merger had taken place in order to induce Norring to continue paying membership dues. (*Id.* ¶ 13.) Norring also asserts that representatives of Private Escapes, Private Escapes Platinum, and Ultimate Escapes Holdings, LLC ("Ultimate Escapes") (collectively, "Defendants") falsely stated that the Merger would secure the vacation club's financial

---

[1] The facts presented in this Order are derived from the allegations of the Complaint. These facts are included only to provide context and should not be construed as findings of fact.

health and offer members more vacation destinations and residences. (*Id.* ¶ 14.) Norring alleges that he relied on these representations in paying annual dues of $12,075 on December 1, 2008. (*Id.* ¶ 16.) Further, these representations were allegedly made for the purpose of inducing Norring to enter into the Private Escapes Platinum Member Consent and Upgrade Agreement ("Ultimate Upgrade Agreement") with Ultimate Escapes Signature Club, LLC.[2] (*Id.* ¶ 15; Doc. No. 1-4 at 6.) Pursuant to the instructions of the Ultimate Upgrade Agreement, Norring also executed the Ultimate Escapes Signature Club, Club Membership Agreement ("Ultimate Membership Agreement"). (Doc. No. 1-4 at 5, 35.) In addition, the Ultimate Upgrade Agreement contained a separate "Upgrade Offer," which Norring declined. (Doc. No. 1-4 at 3.) By executing the Ultimate Upgrade Agreement and the Ultimate Membership Agreement and declining the Upgrade Offer, Norring converted his membership in the Private Escapes Platinum Club to a gold membership in the Ultimate Escapes Signature Club. (Doc. No. 1-4 at 1.)

Norring contends that he first learned in January 2009 that the Merger had failed to occur. (*Id.* ¶ 17.) At or around this same time, Norring was allegedly charged a special assessment of $18,360. (*Id.* ¶ 18.) Norring maintains that on January 20, 2009, he wrote a letter to demand the return of the Platinum Deposit and that on January 30, 2009, his vacation club membership was suspended for failing to pay the special assessment. (*Id.* ¶¶ 19-20; Doc. No. 1-5.) Norring asserts that the Platinum Deposit was never refunded. (Doc. No. 1 ¶ 19.)

---

[2] The relationship between Ultimate Escapes Signature Clubs, LLC, a party to the Ultimate Upgrade Agreement, and Ultimate Escapes Holdings, LLC, a defendant named in this case, is unclear from the allegations in the Complaint and the documents attached to it.

**II. Procedural History**

On December 9, 2009, Norring, as trustee of the Trust, filed a three-count complaint alleging the following claims against all Defendants: (1) breach of the Original Membership Agreement and the Platinum Membership Agreement for failure to refund the Initial Deposit and the Platinum Deposit, respectively; (2) fraudulent inducement causing Norring to enter the Ultimate Upgrade Agreement and to pay annual dues; and (3) a declaratory judgment to refund the Initial and Platinum Deposits. (Doc. No. 1 at 4-7.) On February 8, 2010, Defendants moved to dismiss the Complaint. (Doc. Nos. 14-15.) On March 1, 2010, Plaintiff filed responses in opposition to the Motions to Dismiss. (Doc. Nos. 22-23.)

**Standard of Review**

When ruling on a motion to dismiss for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6), a court must limit its consideration to the complaint, the written instruments attached to it as exhibits, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 323 (2007); *GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). In determining the merits of the motion, a court must "accept all factual allegations in the complaint as true." *Tellabs, Inc.*, 551 U.S. at 323. However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Once a court "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," the court must next determine whether the well-pled facts "'state a claim to relief that is plausible on its face.'" *Id.* at 1949-50 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950 (citation omitted). As the United States Supreme Court explained:

> The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* at 1949 (quotation marks and internal citations omitted) (quoting *Twombly*, 550 U.S. at 557). On a Rule 12(b)(6) motion to dismiss, when a court considers the range of possible interpretations of the defendant's alleged conduct, if the "more likely explanations" involve lawful, non-actionable behavior, the court should find that the plaintiff's claim is not plausible. *Id.* at 1950-51.

## Analysis

**I. Count I: Breach of Contract**

In Count I, Norring asserts that the Defendants breached the Original and Platinum Membership Agreements. (Doc. No. 1 at 4-5.) Ultimate Escapes argues that this claim should be dismissed against it because Ultimate Escapes is not a party to either the Original or Platinum Membership Agreement. (Doc. No. 14 at 5.) Further, Defendants argue that Plaintiff fails to state a claim upon which relief can be granted in Count I because: (1) the disclaimer in the Ultimate Upgrade Agreement nullified any promises made by Defendants to Plaintiff under the Original and

Platinum Membership Agreements (Doc. No. 14 at 6; Doc. No. 15 at 7); (2) the merger clause in the Ultimate Membership Agreement nullified any promises made by Defendants to Plaintiff under the Original and Platinum Membership Agreements (Doc. No. 14 at 5-6; Doc No. 15 at 6-7); (3) Plaintiff did not satisfy the condition precedent of demanding the return of his deposit within one year of signing the Attachment to the Platinum Membership Agreement (Doc. No. 14 at 6-7; Doc. No. 15 at 8); and (4) Plaintiff waived the condition precedent that the Merger take place (Doc. No. 14 at 7-8; Doc. No. 15 at 9). Plaintiff responds in opposition to each of these assertions. (Doc. No. 22 at 4-9; Doc. No. 23 at 4-9.)

**A. Governing Law**

Before addressing the merits of Defendants' arguments, it is appropriate to determine what law governs Plaintiff's breach of contract claim. In a diversity action, a district court must apply the conflict of law principles of its forum state to determine which state's substantive law should apply. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941); *Grupo Televisa, S.A. v. Telemundo Commc'ns Group, Inc.*, 485 F.3d 1233, 1240 (11th Cir. 2007). "As a preliminary matter, the court must characterize the legal issue and determine whether it sounds in torts, contracts, property law, etc." *Grupo Televisa, S.A.*, 485 F.3d at 1240. The court then applies the choice of law rule that the forum state applies to that particular type of issue. *Id.*

Plaintiff asserts a claim for breach of contract in Count I. (Doc. No. 1 at 4-5.) Florida courts generally enforce choice of law provisions in contracts "unless the law of the chosen forum contravenes strong public policy." *Mazzoni Farms, Inc. v. DuPont De Nemours & Co.*, 761 So. 2d 306, 311 (Fla. 2000). No party argues that the choice of law provisions in the Original, Platinum, or Ultimate Membership Agreements should not be enforced, and the Court is not advised of a

public policy that would be contravened by enforcing those choice of law provisions. Accordingly, the Original and Platinum Membership Agreements are governed by Colorado law, (Doc. No. 1-2 at 4; Doc. No. 1-3 at 5), and the Ultimate Membership Agreement and the Ultimate Upgrade Agreement, which is incorporated into the Ultimate Membership Agreement, are governed by Florida law. (Doc. No. 1-4 at 5, 31-32.)

**B. Breach of Contract by Ultimate Escapes**

A claim of breach of contract may only be asserted against a party to the contract. *Grynberg v. Agri Tech, Inc.*, 985 P.2d 59, 61 (Colo. Ct. App. 1999) ("A claim asserting a breach of contract is based on a party's failure to perform promises mutually bargained for and agreed upon by the parties to the contract.") Ultimate Escapes is not a party to either the Original or Platinum Membership Agreement. (Doc. No. 1-2, 1-3.) Accordingly, Plaintiff cannot assert a claim for breach of the Original and Platinum Membership Agreements against Ultimate Escapes, and the claims against Ultimate Escapes in Count I should be dismissed. For the same reason, Plaintiff's claims that Private Escapes breached the Platinum Membership Agreement and that Private Escapes Platinum breached the Original Membership Agreement should be dismissed.

**C. Disclaimer Clause in the Ultimate Upgrade Agreement**

Defendants argue that Plaintiff's claim of breach of contract should be dismissed because Plaintiff disclaimed all rights under the Original and Platinum Membership Agreements pursuant to the following provision in the Ultimate Upgrade Agreement:

> Member understands and agrees that in the event the Upgrade Offer is accepted by indication hereinabove, upon execution of this Agreement, any addenda executed by Member in connection with the Membership Offer contained herein or otherwise regarding Member's Membership (specifically to include, as applicable, the Addendum) shall be null and void and of no force and effect and shall no longer be considered as part of Member's Club Documents. By execution below Member

disclaims any and all of its rights and remedies provided within any such addenda, specifically to include, as applicable, the Addendum.

(Doc. No. 1-4 at 4; Doc. No. 14 at 6; Doc. No. 15 at 7.) Even if the Original and Platinum Membership Agreements are "addenda," this provision only applies if the Upgrade Offer is accepted, and it is alleged that Plaintiff did not accept the Upgrade Offer. (*See* Doc. No. 1-4 at 3 (initialing adjacent to "No, I do not wish to accept the Upgrade Offer").) Accordingly, this provision of the Ultimate Upgrade Agreement does not bar Plaintiff's breach of contract claim in Count I.

### D. Merger Clause in Ultimate Membership Agreement

Defendants also maintain that Plaintiff's breach of contract claim should be dismissed because the Original and Platinum Membership Agreements were merged into the Ultimate Membership Agreement pursuant to the merger clause in paragraph 15 of the Ultimate Membership Agreement. (Doc. No. 14 at 5-6; Doc. No. 15 at 6-7.) Plaintiff argues in response that despite the merger clause in paragraph 15 of the Ultimate Membership Agreement, the Court should not dismiss Plaintiff's breach of contract claim because Plaintiff alleges that he was fraudulently induced into entering the Ultimate Membership Agreement. (Doc. No. 22 at 4-5; Doc. No. 23 at 4-6.)

Paragraph 15 of the Ultimate Membership Agreement states:

> The Club Documents, including Club Membership Agreement and any exhibits, attachments and Addendum, and the Club Rules and Regulations, constitute the entire agreement (the "Agreement") between the parties. There are no understandings or agreements other than those incorporated in the Agreement. Definitions used in the Club Membership Agreement apply to all Club Documents that comprise the Agreement.

(Doc. No. 1-4 at 31.)

Defendants' argument here presumes that the Original and Platinum Membership Agreements are not "Club Documents" and that the "parties" to the Ultimate Membership Agreement are also the parties to the Original and Platinum Membership Agreements. However, even if the Original and Platinum Membership Agreements are not "Club Documents,"[3] the Court cannot conclude at this stage of the proceedings that the parties to the Ultimate Membership Agreement are also parties to the Original and Platinum Membership Agreements. It is unclear from the allegations in the Complaint and the documents attached to it how Private Escapes and Private Escapes Platinum are related to Ultimate Escapes Signature Club, LLC, if at all. (*See* Doc. No. 1 ¶ 6 (alleging that Private Escapes and Private Escapes Platinum "may have merged with and/or is otherwise affiliated with Ultimate Escapes, Inc. f/k/a Secure American Acquisition Corporation"); *supra* note 2 (noting that it is unclear whether Ultimate Escapes Signature Club, LLC and Defendant Ultimate Escapes are related). Thus, looking solely to the allegations in the Complaint and the documents attached to it, the Court cannot determine what effect, if any, the merger clause in paragraph 15 of the Ultimate Membership Agreement has on the Original and Platinum Membership Agreements. Accordingly, the merger clause in paragraph 15 of the Ultimate Membership Agreement is not a sufficient basis for dismissing the Plaintiff's breach of contract claim at this time.

**E. Satisfaction of Conditions Precedent**

Defendants assert that Plaintiff cannot recover for breach of the Platinum Membership Agreement because he did not satisfy the condition precedent of demanding a refund of the Platinum

---

[3] The term "Club Documents" is defined as the "Club Membership Agreement, Club Rules and Regulations, the Club Policies set forth on the Member Website, and any attachments, exhibits, and/or addenda to the foregoing documents." (Doc. No. 1-4 at 10.)

Deposit before executing the Ultimate Upgrade and Ultimate Membership Agreements. (Doc. No. 14 at 6-7; Doc. No. 15 at 8.) Plaintiff argues in response that his allegation in the Complaint that all conditions precedent have been satisfied, without more, is enough to withstand a motion to dismiss. In the alternative, Plaintiff maintains that demanding return of the Platinum Deposit before signing the Ultimate Upgrade and Ultimate Membership Agreements was not a condition precedent. (Doc. No. 22 at 6-7; Doc. No. 23 at 6-7.)

"In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed." Fed. R. Civ. P. 9(c). Whether all conditions precedent are satisfied is not a matter that is adjudicated on a motion to dismiss. *See, e.g.*, *APR Energy, LLC v. Pakistan Power Resources, LLC*, 653 F. Supp. 2d 1227, 1233 (M.D. Fla. 2009); *Buckley Towers Condo., Inc. v. QBE Ins. Corp.*, No. 07-22988-CIV, 2008 WL 2490450, at *4 (S.D. Fla. June 18, 2008); *Thompson v. Kindred Nursing Ctrs. E.*, LLC, 211 F. Supp. 2d 1345, 1355 (M.D. Fla. 2002). Thus, Plaintiff's allegation in the Complaint that all conditions precedent were satisfied, (Doc. No. 1 ¶ 23), fulfills the pleading requirement for conditions precedent under Rule 9(c), and the Court declines to address whether Plaintiff actually failed to satisfy all conditions precedent at this stage of the proceedings.

In summary, Plaintiff's breach of contract claim should be dismissed as to (1) all allegations against Defendant Ultimate Escapes, (2) the allegations that Defendant Private Escapes breached the Platinum Membership Agreement, and (3) the allegations that Defendant Private Escapes Platinum breached the Original Membership Agreement. Defendants do not argue that Plaintiff has failed to sufficiently plead the elements of a breach of contract claim, and thus the Court will not discuss that issue here.

**III. Count II: Fraudulent Inducement**

Norring alleges that by repeatedly communicating that the Merger had occurred and by representing that the Merger would result in financial strength, Defendants fraudulently induced Norring to pay annual dues in the amount of $12,075 and to sign the Ultimate Upgrade Agreement. (Doc. No. 1 at 5-6.) Defendants argue that this claim should be dismissed because: (1) the Ultimate Upgrade Agreement explicitly states that the Merger occurred; (2) the claim of fraudulent inducement is barred by the economic loss rule; and (3) Plaintiff fails to plead his claim of fraudulent inducement with particularity pursuant to Rule 9(b) of the Federal Rules of Civil Procedure. (Doc. No. 14 at 8-13; Doc. No. 15 at 9-15.)

### A. Pleading with Particularity Pursuant to Fed. R. Civ. P. 9(b)

It is well-settled that a claim of fraudulent inducement must be plead with particularity pursuant to Rule 9(b) of the Federal Rules of Civil Procedure. *See, e.g.*, *Rogers v. Nacchio*, 241 F. App'x 602, 609 (11th Cir. 2007); *Grills v. Philip Morris USA, Inc.*, 645 F. Supp. 2d 1107, 1129-30 (M.D. Fla. 2009); *Jones v. General Motors Corp.*, 24 F. Supp. 2d 1335, 1339 (M.D. Fla. 1998). Rule 9(b) is satisfied if the complaint sets forth: (1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the plaintiffs; and (4) what the defendants gained by the alleged fraud. *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1262 (11th Cir. 2006).

Plaintiff alleges that "[a]fter October 2007, Defendants repeatedly communicated through their website as well as via email to club members, including Norring, that the [M]erger had occurred," (Doc. No. 1 ¶ 30), and that "Defendants continued to represent to members, including Norring, that the [M]erger would result in financial strength and growth of the company." (Doc. No.

1 ¶ 31.) These allegations are deficient because they fail to disclose precisely what statements were made or the time, place, and person responsible for each statement. *Garfield*, 466 F.3d at 1262. These allegations are also deficient because they fail to specify which Defendant is responsible for each statement. *See Pierson v. Orlando Reg'l Healthcare Systems, Inc.*, 619 F. Supp. 2d 1260, 1287 (M.D. Fla. 2009) ("In a case involving multiple defendants, the complaint should inform each defendant of the nature of his alleged participation in fraud, and pleadings are insufficient where they simply lump together all defendants and are devoid of specific allegations with respect to the separate defendants.") (internal quotations omitted). Finding no allegations of fraud satisfying the four elements of pleading with particularity pursuant to Rule 9(b), Plaintiff's claim of fraudulent inducement in Count II should be dismissed.[4]

## IV. Count III: Declaratory Judgment

Norring seeks a declaratory judgment that the Trust's vacation club membership was involuntarily terminated and that the Trust is entitled to, *inter alia*, a refund of $200,000 in deposits and $12,075 in annual membership fees. (Doc. No. 1 at 6-7.) Defendants argue that this claim should be dismissed because it is rendered moot by Plaintiff's allegation that Defendants terminated his vacation club membership. (Doc. No. 14 at 13-14; Doc. No. 15 at 15-16.)

---

[4] Because the Plaintiff's claim of fraudulent inducement in Count II should be dismissed for failure to plead with particularity pursuant to Fed. R. Civ. P. 9(b), the Court need not address the Defendants' remaining arguments for dismissing this claim at this time. In any case, the parties remaining arguments for dismissal contain citations to Florida tort law, and it is unclear from the allegations in the Complaint whether Florida tort law applies to this claim. *See, e.g.*, *Grupo Televisa, S.A. v. Telemundo Communications Group, Inc.*, 485 F.3d 1233, 1240-41 (11th Cir. 2007) (noting that Florida courts apply the "most significant relationship" test outlined in the Restatement (Second) of Conflict of Laws to determine which state's law applies to tort claims); *Garcia v. Pub. Health Trust of Dade County*, 841 F.2d 1062, 1064-65 (11th Cir. 1988) (same).

"A motion to dismiss a complaint for a declaratory judgment is not a motion on the merits. It is a motion only to determine whether the plaintiff is entitled to a declaration of rights, not whether it is entitled to a declaration in its favor." *Parr v. Maesbury Homes, Inc.*, No. 6:09-cv-1268-Orl-19GJK, 2009 WL 5171770, at *3 (M.D. Fla. Dec. 22, 2009) (citing *Keen v. Fla. Sheriff's Self-Ins. Fund*, 845 So. 2d 844, 845 (Fla. 4th DCA 2003)). A request for declaratory judgment is properly pled where it is alleged that: (1) there is a bona fide dispute between the parties; (2) the plaintiff has a justiciable question as to the existence or non-existence of some right, status, immunity, power or privilege, or as to some fact upon which the existence of such right, status, immunity, power or privilege does or may depend; (3) the plaintiff is in doubt as to the right, status, immunity, power or privilege; and (4) there is a bona fide, actual, present need for the declaration. *Romo v. Amedex Ins. Co.*, 930 So. 2d 643, 648 (Fla. 3d DCA 2006).

Plaintiff establishes these four elements by alleging that he has demanded from Defendants, but has not received, a refund of the Initial and Platinum Deposits and that the parties presently dispute whether the Initial and Platinum Deposits must be refunded pursuant to any of the vacation club agreements at issue in this case. (Doc. No. 1 ¶¶ 19-21, 35-38.) Accordingly, Plaintiff lawfully seeks a declaratory judgment in Count III.

## Conclusion

Based on the foregoing, it is **ORDERED** and **ADJUDGED** that the Motions to Dismiss the Complaint by Defendant Ultimate Escapes Holdings, LLC (Doc. No. 14) and by Defendants Private Escapes, LLC and Private Escapes Platinum, LLC (Doc. No. 15) are **GRANTED in part** and **DENIED in part** as follows:

1. Count I of the Complaint is **DISMISSED without prejudice** as to all allegations against Defendant Ultimate Escapes, the allegations that Defendant Private Escapes breached the Platinum Membership Agreement, and the allegations that Defendant Private Escapes Platinum breached the Original Membership Agreement.

2. Count II of the Complaint ais **DISMISSED without prejudice**; and

3. The Motions to Dismiss are **DENIED** in all other respects.

Plaintiff has leave to file an Amended Complaint that comports with this Order within fourteen (14) days from the date of this Order. If Plaintiff fails to timely submit an Amended Complaint, this action will proceed solely on the well-pled claims of the original Complaint.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on March 12, 2010.

*[Signature]*

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record